**Lie SUSILIAWATTI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–3137.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 24, 2009.

Opinion filed: Aug. 4, 2009.

---

Houman Varzandeh, Esq., VHF Law Group, Los Angeles, CA, for Petitioner.

Richard M. Evans, Esq., Rebecca A. Niburg, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Lie Susiliawatti, an ethnically Chinese native and citizen of Indonesia, seeks review of a final order of removal. Susiliawatti entered the United States in 2004 as a non-immigrant B–2 visitor. After she overstayed her visa, she was placed in removal proceedings, with the Government charging her with being present in the United States without having been admitted or paroled. Through her first attorney in this matter, Susiliawatti admitted the allegations and conceded the charge before an Immigration Judge ("IJ") in February 2006. (Different) counsel for Susiliawatti and counsel for the Government later agreed before the IJ that Susiliawatti had conceded the charge.

Susiliawatti sought asylum, withholding, and protection under the Convention Against Torture. The IJ denied her applications, and the Board of Immigration Appeals ("BIA") affirmed the decision in a short order. Susiliawatti presents a peti-

tion for review, in which she pursues only her withholding claim.[1]

We have jurisdiction over Susiliawatti's petition pursuant to 8 U.S.C. § 1252. We review questions of law *de novo, see Gerbier v. Holmes,* 280 F.3d 297, 302 n. 2 (3d Cir.2002), and we review factual findings for substantial evidence. *See Butt v. Gonzales,* 429 F.3d 430, 433 (3d Cir.2005).

We must first address an important preliminary matter in this case. Namely, the Government charged Susiliawatti as removable, and she conceded that she was removable, on grounds at variance with the facts of her case. Nonetheless, the factually inaccurate charge is of no issue in this case. Susiliawatti waived any objection to the charge when she conceded it, stipulated to the facts, and proceeded before the IJ and the BIA without ever bringing the matter to the agency's attention. *See Bonhometre v. Gonzales,* 414 F.3d 442, 447 (3d Cir.2005); *see also Green v. INS,* 46 F.3d 313, 317 (3d Cir.1995) (discussing a concession by counsel).

Furthermore, Susiliawatti cannot show, despite her arguments to the contrary, that her right to due process of law was violated by the mistake in the charging document or by any other alleged defect in the proceeding. Not only did Susiliawatti have the full and fair hearing to which she was entitled (including a full and fair opportunity to respond to the charging document), *see Abdulai v. Ashcroft,* 239 F.3d 542, 549 (3d Cir.2001) (summarizing the protections to which an alien is entitled), but also she did not suffer any prejudice from any purported due process violation, *see Wilson v. Ashcroft,* 350 F.3d 377, 381 (3d Cir.2003) (holding that there is no due

---

1. We do not consider her asylum or CAT claims because they were not exhausted in the agency proceedings, *see Bonhometre v. Gonzales,* 414 F.3d 442, 447 (3d Cir.2005), or raised in the petitioner's brief before this Court, *see Lie v. Ashcroft,* 396 F.3d 530, 532 n. 1 (3d Cir.2005).

process violation in the absence of prejudice).

■ We come, then, to the main issue in this case—whether Susiliawatti was entitled to withholding of removal. We conclude that she was not. In support of her withholding claim, Susiliawatti filed an affidavit and testified about two main incidents. In the first, a group of native Indonesian men attacked her as she was walking home from church in March 2000. They used an ethnic slur, pulled her hair, and tore her Bible apart. One wielded a knife. In the second incident, in September 2002, native Indonesian men threw rocks at a car in which she was riding, forced her to exit the vehicle, and then pushed her. The car was identifiable as belonging to Susiliawatti's church, as it had the church's name on the exterior and a rosary and a religious figurine visible. In her affidavit, Susiliawatti stated that "fortunately" police officers were nearby and came to her aid. She testified on direct examination, however, that police officers were nearby and merely watched what was happening.

■ In considering Susiliawatti's CAT claim, the Immigration Judge ("IJ") noted that he did not find Susiliawatti's amended account of the police officers' actions credible. To the extent that the IJ made a partial adverse credibility finding that informs the ruling on the withholding claim, substantial evidence supports it. Susiliawatti's testimony was different from, and an apparent embellishment of, her affidavit. She also contradicted herself on cross-examination by giving a slightly different account, saying that the police officers came and asked her what was wrong. *See Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir.2004) (noting that, among other things, we consider whether an adverse credibility determination was based on inconsistent statements).

In any event, the two incidents that Susiliawatti described, although certainly upsetting for her, do not rise to the level of persecution. Through her account of her treatment in Indonesia, she failed to prove that she suffered past persecution or that she would consequently face an individualized risk of persecution on return to Indonesia. *See Lie*, 396 F.3d at 536–37 (holding that "two isolated criminal acts, perpetrated by unknown assailants, … [are] not sufficiently severe to be considered persecution"). Also, Susiliawatti's claimed fear of persecution is undermined by the fact that she remained unharmed in Indonesia for more than a year and a half after the later incident. *See id.* Likewise, her family members, also ethnically Chinese Christians, remain in Indonesia without incident. *Cf. id.* at 537.

Furthermore, the record does not otherwise show that the violence against Chinese Christians in Indonesia is the result of government action or acquiescence, or that it constitutes a pattern or practice of persecution. *Cf. Wong v. Attorney Gen. of the United States*, 539 F.3d 225, 234 (3d Cir.2008); *Lie*, 396 F.3d at 537–38; *Sukwanputra v. Gonzales*, 434 F.3d 627, 637 n. 10 (3d Cir.2006).

In short, Susiliawatti was not entitled to withholding of removal. We will deny her petition for review.